IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-60980
Summary Calendar

KIRAN IQBAL

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 545 982

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Kiran Iqbal petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) to deny her application for asylum, withholding of removal, and relief under the Convention Against Torture. The BIA adopted the IJ's conclusion that Iqbal had failed to present evidence that she would be a target for persecution or torture if she returned to Pakistan. In her petition, Iqbal argues that her credible testimony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the State Department's Country Report support her claims that she has a reasonable fear of future persecution.

The BIA's (and IJ's) finding that Iqbal's fears were not objectively reasonable is supported by the record; the record clearly does not compel a contrary conclusion. Iqbal failed to make any showing that she suffered past persecution. See 8 C.F.R. § 208.13(b). Additionally, Iqbal has not shown that she faces a reasonable fear of future persecution if she returns to Pakistan. See id. Iqbal at no time participated in any political party or function or expressed any political view. The asserted 1999 injuries to her father and 2004 injuries to her brother – which are evidenced only by Iqbal's testimony as to what her mother (or brother) told her before Iqbal left Pakistan, not by any personal observation or knowledge on Iqbal's part – do not suffice of themselves to establish Iqbal's asylum claims. See Arif v. Mukasey, 509 F.3d 677, 681 n.15 (5th Cir. 2007); Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996). And Iqbal failed to reasonably explain why no corroborating evidence – such as letters or affidavits – was procured from her mother or brother despite Iqbal having remained in contact with them since she left Pakistan. Moreover, the fact that Iqbal's mother remains in Pakistan and continues working for the political party without evidence of harm or threat diminishes the reasonableness of Iqbal's fears of persecution. See Eduard v. Ashcroft, 379 F.3d 182, 193 (5th Cir. 2004).

Because Iqbal has not satisfied the asylum standard, she cannot meet the more stringent standard for withholding of removal. See id. at 186 n.2. Iqbal's claim under the Convention Against Torture is also without merit, as the record does not compel a finding that Iqbal will more likely than not be tortured if she is returned to Pakistan. See Bah v. Ashcroft, 341 F.3d 348, 352 (5th Cir. 2003); Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002).

Iqbal's petition for review is DENIED.