**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-60047
Summary Calendar

SOHAIL HANIF

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 560 491

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sohail Hanif, a native and citizen of Pakistan, petitions this court for review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's denial of his applications for asylum and withholding of removal. Hanif argues that, based upon the treatment of his family members by the Mujahir Quami Movement (MQM) and the Pakistani police, he has established both past persecution and a well-founded fear of future

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persecution. He also challenges various factual and legal bases underlying the BIA's order.

As an initial matter, the respondent argues that Hanif's challenge to the denial of his application for withholding of removal is not cognizable because Hanif failed to exhaust his challenge to that denial by raising the issue adequately in his appeal to the BIA and in his instant brief. Our review of Hanif's briefs shows that Hanif has not waived his challenge to the denial of his application for withholding of removal.

Hanif argues that, based upon the persecution of his family members, he has suffered past persecution and has established a well-founded fear of future persecution. Hanif may not rely solely upon the treatment of his family members to support his asylum claim. *See Arif v. Mukasey*, 509 F.3d 677, 681 n.15 (5th Cir. 2007). As Hanif did not have any personal contact with the MQM or the Pakistani police, he has not shown that he suffered past persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). Moreover, although Hanif's mother and sister were briefly detained upon their return to Pakistan in 2005, their release and unharmed status since their return diminishes the reasonableness of Hanif's fears of future persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004). Hanif has therefore failed to show that "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).

As Hanif failed to satisfy the asylum standard, he cannot meet the more stringent standard for withholding of removal. *See Eduard*, 379 F.3d at 186 n.2. Hanif's petition for review is DENIED.