# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-61048
Summary Calendar

ZULFICAR NURALI MAREDIYA,

Petitioner,

v.

ERIC H. HOLDER, JR. U.S. Attorney General,

Respondent.

Petition For Review of an Order of the
Board of Immigration Appeals
No. A099 478 052

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Zulficar Nurali Marediya ("Marediya") seeks review of an order of the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the following reasons, we deny his petition for review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.    BACKGROUND

Petitioner, a native and citizen of India, entered the United States on September 8, 2001, as a non-immigrant visitor with authorization to remain in the United States for a temporary period not to exceed December 7, 2001.  He remained in the United States subsequent to that date.  On February 1, 2006, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA"), charging him with being removable as an alien who had "remained in the United States for a time longer than permitted," pursuant to § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B).  Marediya admitted to the factual allegations in the NTA.

On June 26, 2006, Petitioner filed an application for asylum, withholding of removal, and CAT protection.  In his application, he stated that he "suffered religious persecution" and feared "that if [he] returned [to India, he] could be killed by the Hindus."

On June 6, 2007, the Immigration Judge issued an oral decision denying Marediya's application for asylum, withholding of removal, and CAT protection.  On July 5, 2007, Marediya appealed the Immigration Judge's decision to the BIA.  On October 22, 2008, the BIA affirmed the decision of the Immigration Judge.  Marediya filed the instant Petition for Review within the thirty days of the date of the BIA's final order of removal.  Consequently, the review Petitioner now seeks is timely before this Court.

II.    ANALYSIS

A.    STANDARD OF REVIEW

"We review the Board's factual findings to determine if they are supported by substantial evidence." *Rojas v. I.N.S.*, 937 F.2d 186, 189 (5th Cir. 1991).  "The substantial evidence standard requires only that the [BIA's] conclusion be based upon the evidence presented and be substantially reasonable." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002) (citation omitted).  As a result, "the

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *Roy v. Ashcroft*, 389 F.3d 132, 137-138 (5th Cir. 2004) (citing 8 U.S.C. § 1252(b)(4)(B)). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (quotations omitted).

"When, as here, the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the decision of the immigration judge as well as the decision of the BIA." *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006).

B.    WHETHER SUBSTANTIAL EVIDENCE SUPPORTS THE BIA'S DECISION

Petitioner argues that we should reverse the BIA's decision because "the BIA and Immigration Judge's decision finding that the government has met its burden in overcoming the presumption of persecution is not supported by substantial evidence." We find, however, that substantial evidence supports the BIA's decision to affirm the Immigration Judge's denial of Petitioner's withholding of removal.[1]

"To be eligible for withholding of removal, an applicant must demonstrate a clear probability of persecution upon return." *Roy*, 389 F.3d at 138. "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political

---

[1] In his brief before this Court, Petitioner states that he requests review of "the denial of withholding of removal." Nowhere in his brief does he discuss the BIA's decision in regards to his application for asylum or his application for relief under CAT. Thus, because Petitioner limits his request for review to the BIA's denial of withholding of removal, we will not address the denial of his application for asylum or the denial of his application for relief under CAT. Those issues are not presently before us, and consequently, warrant no further discussion.

opinion." *Id.* "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007). To establish "persecution," Marediya must demonstrate that "harm or suffering will be inflicted upon [him]in order to punish h[im] for possessing a belief or characteristic a persecutor sought to overcome." *Id.*

In the present case, however, past persecution has been established because the Immigration Judge concluded that Marediya suffered persecution in India in 1993–when Hindu fundamentalists attacked him on account of his religion, burning down his shop and leaving him with a broken leg and collarbone. Thus, because past persecution has been established, "it is presumed that the life or freedom of [Petitioner] would be threatened in the future in the country of removal on the basis of th[is] original claim" of past persecution. *Id.* at 680-681 (internal quotations omitted). "The government may rebut this presumption by demonstrating that there has been a fundamental change in the circumstances of the country of removal, or that the applicant could avoid a future threat to his life or freedom by reasonably relocating to a different part of the country of removal." *Id*. at 681 (quoting 8 C.F.R. § 1208.16(b)(1)(i)). Consequently, the question before the Court is whether substantial evidence on the record supports the BIA's conclusion that the government adequately rebutted Marediya's presumption of persecution resulting from the incident he suffered in India in 1993.

Upon review of the record, we conclude that substantial evidence does support the administrative decision that the government adequately rebutted the presumption created by the 1993 event of past persecution. To rebut this presumption, the Government presented reports documenting the fundamental changes that have occurred in India, the country of removal. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A). In her decision issued on June 6, 2007, the Immigration Judge noted that while the Government had presented recent documents

demonstrating fundamental changes in the circumstances in India, the documents "submitted by [Marediya we]re fairly outdated"–the most recent was dated 2003. In contrast, the Government presented two State Department reports, the International Religious Freedom Report and the Report on Human Rights Practices for India, both of which were dated 2006. The evidence the Government put forth in these reports documented that the "vast majority of Indians of every religious faith lived in peaceful coexistence, however tensions between religious groups were a problem in some areas." Although there had been outbreaks in the past, the Immigration Judge considered the evidence and concluded that the "conditions in India have changed significantly since 1993 [because] the [Indian] government is taking steps to improve the conditions in India on an ongoing basis."

Further, the Immigration Judge noted that although he suffered from an act of persecution in 1993, during his administrative hearing, Marediya "testified that he did not have any significant problems after the riots in 1993 involving Hindus." That is, following the incident he suffered in 1993, Marediya continued to live in India for eight years before he came to the United States in 2001. During that time, he suffered no religious persecution.

Given the more recent State Department Reports the Immigration Judge considered, coupled with the fact that Petitioner continued to live in India for eight years after the first incident of persecution and suffered no further persecution, we conclude that substantial evidence supports the BIA's decision.[2]

---

[2] Because we conclude that substantial evidence supports the conclusion that the Government presented sufficient evidence regarding the fundamental changes in circumstances in India to rebut the Petitioner's presumption of persecution, *see* 8 C.F.R. § 1208.16(b)(1)(i)(A), we do not reach the question of whether substantial evidence in the record exists to support the conclusion that the Government presented sufficient evidence to demonstrate that Marediya could avoid future threat by moving to another area of the country. *See* 8 C.F.R. § 1208.16(b)(1)(i)(B). Instead, we limit our holding to a finding that substantial evidence supports the administrative decision that the Government presented adequate evidence to rebut the presumption of persecution pursuant to 8 C.F.R. § 1208.16(b)(1)(i)(A).

That is, the substantial evidence on record demonstrates that the Government put forth sufficient evidence to rebut the presumption of future persecution based on the 1993 event of past persecution, and as a result, Marediya has not met his burden of establishing a "clear probability" of persecution in the future.

Consequently, we cannot conclude that "the evidence compels" the reversal of the BIA's decision. *Chen*, 470 F.3d at 1134. For the aforementioned reasons, Petitioner's Petition for Review is DENIED.