# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-60700
Summary Calendar

SERGEY SEMEOVICH SVISTUN; TATYANA ALEXANDROVNA SVISTUN,

Petitioners

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 602 423

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sergey Semenovich Svistun, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals's (BIA) dismissal of his appeal of the Immigration Judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Svistun's wife, Tatyana Alexandrovna Svistun, also a native and citizen of Russia, seeks relief as a derivative beneficiary of her husband's applications.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

This court reviews the Immigration Judge and BIA's rulings of law *de novo* and their findings of fact for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Under the substantial evidence standard, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation and citation omitted).

The Immigration Judge and BIA concluded that Svistun's asylum application was statutorily barred as untimely. To be eligible for asylum, an alien must file an application within one year of his latest arrival in the United States, 8 U.S.C. § 1158(a)(2)(B), which Svistun did not do. However, this one-year filing deadline may be excused if the alien shows, "to the satisfaction of the Attorney General," that there are "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period." 8 U.S.C. § 1158(a)(2)(D). After the passage of the REAL ID Act, this court has jurisdiction to review a determination of timeliness that turns on a constitutional claim or question of law, but lacks jurisdiction to review determinations of timeliness that are based on findings of fact. *Zhu*, 493 F.3d at 594–95; *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007).

Svistun argues that the timeliness of his asylum application is reviewable because it involves a constitutional claim and a question of law. As to the constitutional claim, he contends that the Immigration Judge violated his due process rights by failing to determine whether extraordinary circumstances warranted an exception to the one-year deadline. To the contrary, we conclude that the Immigration Judge considered and rejected Svistun's argument that his unsuccessful attempt to extend his legal status supported a finding of extraordinary circumstances overcoming the statutory bar. Because the district court addressed the exception, there is no basis for Svistun's due process claim. Svistun further asserts that the Immigration Judge applied an incorrect legal

2

standard to the changed circumstances determination, by requiring him to file his application within a reasonable time of discovering the changed circumstances, and suggesting six months as a reasonable time. We conclude that the Immigration Judge applied the correct legal standard, and that, as in *Zhu,* the Immigration Judge's rejection of Svistun's arguments "was based on an evaluation of the facts and circumstances of [his] case," and therefore that we "do not have jurisdiction to review the Immigration Judge's determination." *See* 493 F.3d at 596.

Svistun also challenges the rejection of his claim for withholding of removal. "To be eligible for withholding of removal, an alien must demonstrate an objective 'clear probability' of persecution in the proposed country of removal." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (citation omitted). Persecution has been defined as "[t]he infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive . . . in a manner condemned by civilized governments." *Zhao v. Gonzales,* 404 F.3d 295, 307 (5th Cir. 2005) (internal quotation and citation omitted). An alien may prove the objectivity of his persecution claim by showing that there is a "pattern or practice" of persecution of a group of persons in which he is a member on account of an enumerated ground. *Id.*

Svistun argues that it is more likely than not that he will be persecuted if he returns to Russia. He argues that he has a well founded fear, because in his former professional life in Russia, he disclosed to private parties economic information that has since become classified, and other individuals dealing with classified and newly-classified information in Russia have been persecuted. While Svistun points to evidence that some individuals in somewhat comparable circumstances to his have been subjected to persecution in Russia, the evidence does not rise to the level of *compelling* a conclusion contrary to that of the Immigration Judge and BIA. *See Chen,* 470 F.3d at 1134; *Majd*, 446 F.3d at 595. We accordingly find no reversible error.

Svistun likewise fails to surmount the onerous standard of review with respect to his claim under the Convention Against Torture. To receive protection under the CAT, Svistun had to establish that it was "more likely than not" that he would be tortured if removed to his home country. *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). Svistun has not asserted that he was tortured in the past, and has not provided evidence that would compel the conclusion that it is more likely than not that he will be subjected to torture based on his activities in prior employment or for any other reason.

Finally, Mrs. Svistun joined in her husband's application for withholding of removal, but did not file an independent application or assert an independent basis for obtaining that relief. The statute authorizing withholding of removal does not afford derivative relief to members of the alien's family unless there is an independent ground for granting the family member such relief. *Arif v. Mukasey*, 509 F.3d 677, 681–82 (5th Cir. 2007). Because Mrs. Svistun did not file an independent application for withholding of removal nor assert an independent basis for obtaining such relief, her application for withholding is denied. *See id.*

The joint petition for review is DENIED.