# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 11, 2011

Lyle W. Cayce
Clerk

No. 10-60432
Summary Calendar

WEI CHEN,

                                        Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

                                        Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 113 296

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wei Chen, a native and citizen of the People's Republic of China, petitions this court for review of an order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) and ordering him removed to China. The Board of Immigration Appeals (BIA) dismissed his appeal of the denial of relief by the Immigration Judge (IJ).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60432

Chen makes no argument challenging the determination that he was not eligible for protection under the CAT.  He has thus waived any such argument. *See Calderon-Ontiveros v. I.N.S.*, 809 F.2d 1050, 1052 (5th Cir. 1986).

We review questions of law de novo and review factual findings "under the substantial evidence test, reversing only when the evidence is so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." *Arif v. Mukasey*, 509 F.3d 677, 679-80 (5th Cir. 2007) (footnote, citation, and internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").  The determinations that an alien is not eligible for asylum or for withholding of removal are factual findings reviewed under the substantial evidence standard.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Chen contends that the BIA erred as a matter of law in concluding that his credible testimony was insufficient to meet his burden of proving that he had a well-founded fear of persecution.  An alien's testimony may be sufficient to sustain his burden if it is credible, is persuasive, *and* contains sufficient specific facts to prove he is a refugee.  8 U.S.C. § 1158(b)(1)(B)(ii); 8 C.F.R. § 1208(a). Accordingly, the BIA did not err as a matter of law by finding that Chen's credible testimony failed to meet his burden of proof.

Chen argues that the BIA and IJ erred by determining that (1) he did not show past persecution, (2) he failed to establish past persecution on account of his imputed affiliation and membership in Falun Gong, and (3) he failed to demonstrate a well-founded fear of future persecution based on a protected ground.  The evidence in this case is not "so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." *Arif*, 509 F.3d at 679-80.  Thus, the determinations that Chen was not eligible for asylum or for withholding of removal will not be disturbed.

Chen's petition for review is DENIED.

2