# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2012

No. 11-60177
Summary Calendar

Lyle W. Cayce
Clerk

LIYAKAT NOORMOHMAD MAREDIA; CAKINA LIYAKAT MAKNAJIYA MAREDIA; ASIF LIYAKAT MAREDIA; SAIFALI LIYAKAT MAREDIA,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 178 179
BIA No. A089 178 180
BIA No. A089 178 181
BIA No. A089 178 182

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Liyakat Maredia (Maredia), a Muslim native and citizen of India, has filed a petition for a review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's denial of claims for asylum, withholding of removal, and relief under the Convention Against Torture. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based his claims on fears of persecution by Hindu extremists against Muslims in India.  His claims for asylum and relief under the Convention Against Torture, as well as his challenge to the BIA's denial of a motion to remand for consideration of eligibility for a status adjustment, are not briefed and thus abandoned in this court.

Derivative claims for withholding of removal on behalf of Maredia's wife and sons were properly dismissed by the BIA because no such derivative claims are allowed by law.  *See Arif v. Mukasey*, 509 F.3d 677, 681 (5th Cir. 2007). Maredia's conclusional assertion that the BIA should have remanded the case so the immigration judge could consider his family's claims separately has not been administratively exhausted, so we do not consider it.  *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).  Moreover, the assertion is waived by inadequate briefing.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, the only claim before us is Maredia's individual claim for withholding of removal.  To show entitlement to witholding of removal, Maredia must demonstrate an objective "clear probability" of persecution in India on account of his religion.  *See Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (internal quotation marks and citation omitted); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).  We review the BIA's decision, but also the immigration judge's decision to the extent the BIA relied on it.  *See Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006). We will affirm the BIA's finding of no clear, objective probability of persecution unless the evidence compels a contrary finding.  *See Majd*, 446 F.3d at 596.

Maredia admitted he has not suffered any past persecution from Hindu extremists.  Accordingly, no threat of future persecution is presumed.  *See Zhu v. Gonzales*, 493 F.3d 588, 596 (5th Cir. 2007).  Maredia also admits that his Muslim family members who remained in India have not suffered any difficulties at the hands of Hindu extremists.  This weakens his claim of likely future persecution.  *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004) (citing

*Matter of AEM*, 21 I. & N. Dec. 1157, 1160 (BIA 1998)).  Maredia's claim of persecution rests solely on a generalized fear of persecution by Hindu extremists, and he makes no showing of any particular likelihood of persecution of him personally. Maredia's evidence fails to establish a clear and objective probability of persecution.  *See Eduard*, 379 F.3d at 190.  Much less does it "compel" a decision in his favor.  The petition for review is DENIED.