# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2012

Lyle W. Cayce
Clerk

No. 11-60500
Summary Calendar

PRADEEP KUMAR RAWAL,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 556 066

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pradeep Kumar Rawal, a native and citizen of Nepal, was ordered removed from the United States after he did not appear at his removal hearing, but he successfully moved to have his proceedings reopened. Four months later, he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He claimed that if returned to Nepal, he would be subject to persecution and torture at the hands of Maoists because he belonged to a rival political party and had rebuffed the Maoists' requests to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

join their ranks. He also explained that he had been kidnaped and beaten by the Maoists and that the Maoists had bombed his family's home. The immigration judge denied relief, and the BIA dismissed his appeal, determining that Rawal filed his asylum application after the deadline, none of the exceptions to to the deadline applied, and Rawal had not shown entitlement to relief. Rawal now petitions this court for review. Because the BIA made its own determination and did not adopt the reasoning of the immigration judge, we review only the BIA's decision. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Rawal contends that the BIA should have excused him from the one-year asylum application filing deadline. An alien seeking asylum must file an application within one year after his arrival in the United States unless he demonstrates "changed circumstances which materially affect [his] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(B), (D). We lack jurisdiction to review a decision that an asylum application is untimely if the decision is based on the BIA's assessment of the facts and circumstances relevant to the issue of timeliness, though we retain jurisdiction over constitutional claims and questions of law. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007). We review the BIA's legal determinations de novo. *Zhu*, 493 F.3d at 594.

According to Rawal, the BIA violated his right to procedural due process when it used too high a legal standard to determine whether extraordinary circumstances justified his late filing. To the extent that this argument raises a legal or constitutional question that we have jurisdiction to decide, *see* § 1252(a)(2)(D); *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010) (determining that this court has jurisdiction to determine whether the BIA used the correct legal standard on the issue of eligibility for CAT relief), he cannot succeed because, contrary to his contention, nothing in the BIA's decision suggests that it used an incorrect standard.

Next, Rawal contends that the BIA made a legal error when it determined that he could have filed his asylum application earlier than he did—specifically, at the time he filed his motion to reopen proceedings—arguing that he was required to wait until after his motion to reopen was granted. This argument is belied by regulations regarding filing of asylum applications, which in some cases require, and at the very least permit, the application to be filed at the same time as a motion to reopen. *See* 8 C.F.R. §§ 1003.23(b)(3), 1208.4(b)(3)(ii). Thus, the BIA committed no legal error. To the extent that Rawal wishes us to revisit the facts before the BIA to determine whether they sufficiently proved that extraordinary circumstances warranted late filing, we may not do so because we lack jurisdiction to review the BIA's factual findings regarding the timeliness of an asylum application. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007).

Rawal also contends that his arrest three months after arriving in the United States combined with his deportation proceedings amounted to "extraordinary circumstances" excusing his delay and that his late filing should not doom his application because, he says, he presented evidence that conditions in Nepal had changed for the worse since his departure. Although in his brief to the BIA Rawal referenced articles discussing more recent activities of the Maoists, he relied on the articles as support for his claim that he suffered past persecution and did not contend that changed conditions in Nepal excused the late filing of his asylum application. Instead, he argued that the delay was justified solely on the ground that he was unable to file the application before his motion to reopen was granted. Accordingly, he failed to exhaust issues relating to his arrest and the purported changed country conditions in Nepal, and this court lacks jurisdiction to address them now. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

Next, Rawal argues that the BIA erred in declining to grant him withholding of removal on the grounds that he suffered past persecution and will

suffer future persecution by Maoists if returned to Nepal. We review the BIA's factual findings, including the finding whether an alien is entitled to withholding of removal, for substantial evidence and will reverse them only if the record compels a different finding. *Zhu*, 493 F.3d at 594; *Hongyok v. Gonzales*, 492 F.3d 547, 550 (5th Cir. 2007). An alien is entitled to withholding of removal if he proves that it is more likely than not that, if deported, he will be persecuted on the basis of, as relevant here, his political opinion. 8 U.S.C. § 1231(b)(3)(A); *Arif*, 509 F.3d at 680; *Hongyok*, 492 F.3d at 550. When an alien alleges past persecution at the hands of a nongovernmental organization, he must show that the government is unwilling or unable to control the organization. *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

The record does not compel a conclusion that Rawal will more likely than not suffer persecution if returned to Nepal. The BIA based its decision on its finding that the government was not unable or unwilling to control the Maoists as evidenced by law enforcement's proactive response when Rawal was attacked and his family's home bombed and by the establishment by the government of an organization to assist victims of Maoist violence. It also determined that Rawal's father, an active member of a political party opposed to the Maoists, continues to live in Nepal unharmed. Rawal has not established that these findings were not supported by substantial evidence, especially given that they were based on his own testimony. To the extent that Rawal argues that the Maoists have recently taken over the Nepalese government and have thus become the government (rather than simply a political party separate from the government), he did not raise this argument before the BIA, and thus this court lacks jurisdiction to consider it. *See Omari*, 562 F.3d at 318-19.

Finally, Rawal has not argued on appeal that he is entitled to protection under the CAT. Accordingly, he has abandoned this issue, and we decline to address it. *See Zhu*, 493 F.3d at 593 n.10.

The petition for review is DENIED.