# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2013

No. 12-60462
Summary Calendar

Lyle W. Cayce
Clerk

DARDAN SHOSHI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 017 740

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dardan Shoshi, a native and citizen of Serbia and Montenegro, petitions this court for review of an order from the Board of Immigration Appeals (BIA) vacating the immigration judge's grant of his application for asylum and ordering his removal. In his application seeking asylum or withholding of removal, he asserted that his family was verbally threatened by ethnic Albanians multiple times because his father had worked with the Serbians for 25 years and that, after he left Kosovo, ethnic Albanians shot at his father and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

uncle on one occasion and kidnapped his father and uncle for several days on three other occasions.

Shoshi argues that, based upon the persecution of his family members, he has established a well-founded fear of future persecution. He may not rely solely upon the treatment of his family members to support his asylum claim. *See Arif v. Mukasey*, 509 F.3d 677, 681 n.15 (5th Cir. 2007). Moreover, the reasonableness of Shoshi's fears of future persecution is diminished because Shoshi's family members continue to live unharmed in Kosovo. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004). He has therefore failed to show that "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). As Shoshi failed to satisfy the asylum standard, he cannot meet the more stringent standard for withholding of removal. *See Eduard*, 379 F.3d at 186 n.2.

His petition for review is DENIED.