REVISED DECEMBER 21, 2007

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-60557

NASRA ARIF

Petitioner

v.

MICHAEL B MUKASEY, U.S. Attorney General

Respondent

Petitioner for Review of an Order of the Board of Immigration Appeals
A78-881-822

Before JONES, Chief Judge, and WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:

Nasra Arif ("Petitioner"), a native and citizen of Pakistan, petitions for review of the denial by the Board of Immigration Appeals ("BIA") of her request for asylum and withholding of removal. Petitioner contends that her asylum application was timely filed and that she is a derivative beneficiary of her husband's application for withholding of removal. As we do not have jurisdiction to review the BIA's decision that the asylum application was untimely, and as we agree that withholding of removal does not provide for derivative beneficiaries, we deny the petition for review.

## I. FACTS AND PROCEEDINGS

In 2000, Petitioner entered the United States with her children and husband, Mohammad Arif ("Mr. Arif"), and overstayed her visa. In 2003, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear, asserting that she was removable as an alien who had remained in the United States after the expiration of her visa. Petitioner's removal proceedings were consolidated with those of her husband, and although they both conceded removability, Mr. Arif requested asylum and withholding of removal, listing Petitioner as a derivative beneficiary. The government opposed the application for asylum on the basis that it was not received or mailed within one year of Petitioner's arrival in the United States.

The Immigration Judge ("IJ") determined that Mr. Arif's asylum application was untimely, and therefore required Petitioner to submit her own application for withholding of removal. The IJ concluded that neither Petitioner nor her husband qualified for withholding of removal as both failed to demonstrate past persecution or a well-founded fear of future persecution. The IJ did, however, grant Petitioner's request for voluntary departure.

On appeal, the BIA affirmed the IJ's holding that Mr. Arif's asylum application was untimely, and also concluded that Petitioner and her husband had failed to demonstrate extraordinary or changed circumstances sufficient to justify the untimely application. After determining that there can be no derivative beneficiaries for a withholding of removal claim, the BIA concluded that Petitioner had failed to establish independent eligibility for withholding of removal. The BIA reversed the IJ's holding as to Mr. Arif, and remanded his claim for withholding of removal.

## II. ANALYSIS

### A. Standard of Review

We review factual findings of the BIA under the "substantial evidence" test, reversing only when the evidence is "so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief."[1] Under this deferential standard, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."[2] We review questions of law de novo;[3] however, we generally afford substantial deference to the BIA's interpretation of immigration statutes unless there is "compelling evidence that the BIA's interpretation is incorrect."[4]

### B. Asylum

To be eligible for asylum, an alien must file an application within one year following his arrival in the United States unless the applicant can demonstrate "changed circumstances which materially affect[ed] the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."[5] If the application for asylum is not received by the DHS within one year following arrival here, but the alien produces clear and convincing evidence that the application was mailed prior to the end of the one-year period, "the mailing date shall be considered the filing date."[6] Although we have jurisdiction to review a determination of timeliness that turns on a

---

[1] Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotations omitted).

[2] Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).

[3] Zhu v. Gonzales, 493 F.3d 588, 594 (5th Cir. 2007).

[4] Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997).

[5] 8 U.S.C. §§ 1158(a)(2)(B), (a)(2)(D).

[6] Nakimbugwe v. Gonzales, 475 F.3d 281, 283 (5th Cir. 2007).

constitutional claim or question of law, we do not have jurisdiction to review determinations of timeliness that are based on findings of fact.[7]

Petitioner contends that she and her husband timely mailed an asylum application in March 2000. There is no evidence, however, that it was received or considered by the DHS. The BIA held that Petitioner failed to demonstrate by clear and convincing evidence that (1) her application for asylum was mailed within one year following her arrival in the United States, or (2) extraordinary circumstances excuse her failure to file timely. As both of these holdings involve questions of fact, we lack jurisdiction to consider the BIA's denial of Petitioner's claim for asylum.

C. Withholding of Removal

Unlike an application for asylum, there is no deadline for the filing of an application for withholding of removal.[8] To be eligible for withholding of removal, an applicant must demonstrate (1) a "clear probability" of (2) persecution upon return to his native country.[9] A "clear probability" means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion.[10] "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive."[11] It generally requires a showing that "harm or suffering will be inflicted upon [the applicant] in order to punish her for possessing a belief or

---

[7] Id. at 284.

[8] Zhu v. Ashcroft, 382 F.3d 521, 528 (5th Cir. 2004) (citing 8 U.S.C. § 1231(b)(3)(A)).

[9] 8 U.S.C. §1231 (b)(3); Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

[10] I.N.S. v. Stevic, 467 U.S. 407, 424, 429-30 (1984).

[11] Fatin v. I.N.S., 12 F.3d 1233, 1243 (3d Cir. 1993) (internal quotations omitted).

characteristic a persecutor sought to overcome."[12]   If past persecution is established, then it is presumed that the life or freedom of an applicant "would be threatened in the future in the country of removal on the basis of the original claim."[13]   The government may rebut this presumption by demonstrating that there has been a fundamental change in the circumstances of the country of removal, or that the applicant could avoid a future threat to his life or freedom by reasonably relocating to a different part of the country of removal.[14]

Petitioner does not state an independent ground for withholding of removal, relying instead on her husband's proffered persecution and insisting that she is a derivative beneficiary of the application filed by her husband.[15]   The BIA refused to consider Petitioner a derivative beneficiary of her husband's application on grounds that, as a matter of law, "there are no derivative beneficiaries for an application for withholding of removal."   We agree.

Whether the statute that governs withholding of removal allows for derivative beneficiaries is an issue of first impression in this circuit.   The Eleventh Circuit has addressed this issue and held that withholding of removal does not provide derivative benefits for an alien's spouse.[16]   Additionally, the

---

[12] Faddoul v. I.N.S., 37 F.3d 185, 188 (5th Cir. 1994) (internal quotations omitted).

[13] 8 C.F.R. § 1208.16(b)(1)(i).

[14] Id.

[15] Petitioner states at the beginning of her brief that she "has not claimed independent political opinion or persecution" and that her claim "stems and rests upon the persecution and harm of [her] husband."   It is unclear from her brief whether petitioner also argues that her husband's alleged persecution satisfies the requirements for her independent application for withholding of removal.   To the extent that Petitioner does advance this argument, her claim fails because an alien "cannot rely solely on the persecution of her family members to qualify for asylum."   See Margos v. Gonzales, 443 F.3d 593, 598 (7th Cir. 2006).

[16] Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007) ("there are no derivative benefits associated with a grant of withholding of removal").

Second, Sixth, Eighth, and Ninth Circuits have indicated that withholding of removal does not afford derivative relief to members of an alien's family.[17]

"The starting point in interpreting a statute is its language, for 'if the intent of Congress is clear, that is the end of the matter.'"[18] "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."[19]

We find no evidence in the language of the statute to indicate that Congress intended to extend the relief afforded by withholding of removal to an alien's spouse or minor children without an independent ground for granting such relief to them. The statute providing for asylum expressly includes a provision for derivative beneficiaries, but the statute providing for withholding of removal makes no mention of derivative relief.[20] In the absence of language regarding derivative beneficiaries similar to that found in the asylum statute, we cannot infer that Congress intended withholding of removal to apply to the spouse and minor children of an applicant who do not independently qualify for

---

[17] See Huang v. I.N.S., 436 F.3d 89, 100-01 (2d Cir. 2006) (noting that denial of asylum in favor of withholding of removal would have the "practical effect" of separating the alien from his wife and children); Mohamed v. Ashcroft, 396 F.3d 999, 1002 (8th Cir. 2005) (noting that the mother and siblings of an alien who was granted withholding of removal "cannot receive relief as derivatives" of the alien); Ali v. Ashcroft, 394 F.3d 780, 782 n.1 (9th Cir. 2005) ("The [petitioner's] sons, however, have applied for withholding of removal and relief under the CAT in their own right because such relief may not be derivative."); Castellano-Chacon v. I.N.S., 341 F.3d 533, 545 (6th Cir. 2003) ("Unlike an application for asylum, however, a grant of an alien's application for withholding [of removal] is not a basis for adjustment to legal permanent resident status [and] family members are not granted derivative status . . .").

[18] Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409 (1993) (quoting Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842 (1984)).

[19] Russello v. United States, 464 U.S. 16, 23 (1983) (internal quotations omitted).

[20] Compare 8 U.S.C. § 1158 (b)(3)(A) and 8 C.F.R. § 1208.21 with 8 U.S.C. § 1231.

relief. Indeed, precisely the opposite inference must be made from the presence of such language in one statute and the absence thereof in the other statute.

Furthermore, the federal regulations governing withholding of removal and asylum indicate that a grant of withholding of removal does not provide relief to the spouse or minor children of an alien. Specifically, 8 C.F.R. § 1208.16(e) states that if an applicant is denied asylum as a matter of discretion, but is later granted withholding of removal, "thereby effectively precluding admission of the applicant's spouse or minor children," the denial of asylum shall be reconsidered.

Petitioner contends that even though there is no specific language in the statute, the I-589 application for withholding of removal evidences Congress's intent to extend relief to derivative beneficiaries. This, she insists, is because the application includes questions regarding whether the alien has family members in the United States and whether the alien is including them as beneficiaries. We disagree. The I-589 application references the spouse and minor children of the alien because it may serve as an application for asylum — under which dependants may be derivative beneficiaries. Additionally, the instruction page of the application clearly states that "[w]ithholding of removal does not apply to any spouse or child included in the application."

As Petitioner has asserted that she qualifies for withholding of removal based solely on her husband's claim, and there are no derivative benefits associated with a grant of withholding of removal, Petitioner has failed to demonstrate that the BIA erred in denying her request for withholding of removal.

## III. CONCLUSION

Based on the foregoing analysis, the petition for review is DENIED.