**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-60112
Summary Calendar

ALEJANDRO MENDOZA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 572 744

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alejandro Mendoza petitions for review of the Board of Immigration
Appeals's (BIA's) decision denying his application for asylum. Relying on the
Ninth's Circuit's doctrine of hazardous neutrality, Mendoza argues that he has
presented evidence of past persecution and of a well-founded fear of future
persecution on account of a political opinion imputed to him by his alleged
persecutors based on his refusal to join their ranks. Our review is of the BIA's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

and the immigration judge's decision, to the extent the latter influenced the BIA's ruling. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We will uphold the BIA's asylum determination "unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

Mendoza bears the burden of establishing eligibility for asylum by demonstrating past persecution or a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. *Id.* at 444-45. Mendoza testified to being subject only to isolated incidents of verbal threats unaccompanied by physical violence. Such conduct we have held does not constitute persecution under the Immigration and Nationality Act. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).

Nevertheless, even if the complained-of incidents could arguably be considered evidence of persecution, Mendoza, cites no instances in which we have adopted the doctrine of hazardous neutrality. The facts of Mendoza's case do not warrant our consideration of the hazardous neutrality doctrine. Absent evidence that the conscription effort of his alleged persecutors was motivated by Mendoza's political opinion, actual or imputed, rather than a need for members, their attempt to force Mendoza to join them is insufficient to compel a finding of persecution or a well founded fear of future persecution on account of his political belief. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992).

Finally, even if it is assumed that the 2005 shooting of Mendoza's family home in Guatemala constituted persecution, Mendoza, who was at the time residing in the United States, "cannot rely solely on the persecution of [his] family members to qualify for asylum." *See Arif v. Mukasey*, 509 F.3d 677, 681 n.15 (5th Cir. 2007) (internal quotation marks and citation omitted). Mendoza's testimony regarding who was behind the shooting was mere speculation, and he provided no evidence that the incident was in any way motivated by his political beliefs or his refusal to join a political party. He has shown no evidence

2

compelling a reversal of the BIA's asylum decision. *See Lopez-Gomez*, 263 F.3d at 444.

PETITION DENIED.