# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 24, 2010

No. 09-60581
Summary Calendar

Lyle W. Cayce
Clerk

YAN QU,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 636 974

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Yan Qu (Qu) petitions this court for review of the dismissal by the Board
of Immigration Appeals (BIA) of his appeal of the Immigration Judge's order
denying his application for withholding of removal. He does not challenge, and
did not challenge before the BIA, the denial of withholding under the Convention
Against Torture.

On an alien's petition for review, this court reviews questions of law de
novo and reviews factual findings "under the substantial evidence test, reversing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

only when the evidence is so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." *Arif v. Mukasey*, 509 F.3d 677, 679-80 (5th Cir. 2007) (footnote, citation, and internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). The determination that an alien is not eligible for withholding of removal is a factual finding reviewed under the substantial evidence standard. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). To be eligible for withholding of removal, the alien must prove that his life or freedom would be threatened because of, inter alia, his religion. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b). An alien, such as Qu, who has not suffered past persecution may meet his burden of proof by demonstrating that it is more likely than not that he would be persecuted on account of a protected ground if removed to a certain country. 8 C.F.R. § 1208.16(b)(2); *see also Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

The determination that Qu would not face persecution based on his religion if returned to China is supported by substantial evidence, including Qu's testimony that he did not know to what kind of punishment he would be subject for his mailing, emailing, and instant messaging of contraband religious material to China, by his testimony that he did not know what happened following his friend's arrest, and by the country reports that do not indicate that Baptists, qua Baptists, are targeted for persecution. The evidence pointed to and arguments made by Qu are insufficient to show that a reasonable factfinder would be compelled to conclude that he is eligible for withholding of removal.

The petition for review is DENIED.