# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2013

No. 12-60206
Summary Calendar

Lyle W. Cayce
Clerk

JOSE MAXIMILIANO CASTRO PEREZ, also known as Jose Castro,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 627 799

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maximiliano Castro Perez (Castro Perez), a native and citizen of Guatemala, petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying his application for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A). Castro Perez argues that he has a well-founded fear of future persecution on account of his homosexuality. He contends that he suffered past persecution at the hands of his brother, who was concerned that Castro Perez's sexual orientation would damage his political career. He asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he will be persecuted by his brother if he is removed to Guatemala, and he argues that it is a logical fallacy to conclude, as did the BIA, that the government's willingness to prosecute his brother for attempting to murder a town mayor suggests the government's willingness to take action against his brother for beating him on account of his sexual orientation.

We review the decision of the BIA, as well as the decision of the immigration judge to the extent that his decision influenced the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). We will uphold the BIA's factual findings if the findings are supported by substantial evidence. *Silwany-Rodriguez v. INS*, 975 F.2d 1157, 1160 (5th Cir. 1992). Under the substantial evidence standard, we will not reverse the BIA's decision unless the evidence not only supports a contrary conclusion but compels it. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

To demonstrate entitlement to withholding of removal, the alien must show that it is more likely than not that his or her life or freedom would be threatened in the country of origin on account of the alien's race, religion, nationality, membership in a particular social group, or political opinion. *Zamora-Morel v. INS,* 905 F.2d 833, 837 (5th Cir. 1990). An alien who suffered persecution in the past is entitled to a rebuttable presumption that he will be persecuted in the future. 8 C.F.R. § 1208.16(b)(1). To prevail on a claim of past persecution, an alien must establish that he suffered persecution at the hands of "the government or forces that a government is unable or unwilling to control." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007). The evidence adduced in the immigration court shows that Castro Perez was physically attacked and verbally abused on several occasions due to his brother's displeasure with Castro Perez's sexual orientation, but there is no indication that Castro Perez was injured or that he required medical

attention; nor is there evidence that Castro Perez requested government intervention and was refused assistance. The mistreatment experienced by Castro Perez at the hands of his brother, though reprehensible, falls short of the required extreme conduct needed to establish persecution. *See id.*; *see also Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996) (upholding the BIA's finding of no past persecution where alien was twice arrested, detained, and beaten but he was not detained overnight and did not characterize the beatings as severe). The record does not compel a conclusion that Castro Perez was persecuted in the past, nor does the record compel a conclusion that it is more likely than not that he will be persecuted on account of his homosexuality if he is removed to Guatemala.

PETITION FOR REVIEW DENIED.