NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1504
_____

ANOOP KHAND PURI, a/k/a ANDY PURI;
RITU KHAND PURI,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A093-431-807 & A093-432-149)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  March 27, 2013)
_____

OPINION
_____

PER CURIAM

Anoop Khan Puri and Ritu Khan Puri, husband and wife, petition for review of the

Board of Immigration Appeals' ("BIA") final order of removal.  We will deny their

petition, although we explain below why this case might warrant a favorable exercise of

prosecutorial discretion as to Ritu in light of the relief granted to Anoop.[1]

I.

Petitioners are citizens of India who entered the United States in 2001 without being admitted or paroled and who concede that they are removable on that basis. In 2007, petitioners applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners each claimed to have suffered persecution in the past and to face persecution and torture in the future. Anoop's claims are based on his homosexuality (or, as suggested elsewhere of record, his bisexuality). Ritu's claims are based on her asserted membership in a social group defined as "married women who are unable to escape from customary in-law domination."

The Immigration Judge ("IJ") denied both petitioners' applications for asylum because petitioners had not filed them within one year after entering the United States and had not shown that they were based on changed circumstances. See 8 U.S.C. § 1158(a)(2)(B), (D). The IJ also denied Ritu's remaining claims but granted Anoop withholding of removal. Both the petitioners and the Government appealed to the BIA, which dismissed both appeals after finding no basis to disturb the IJ's rulings. Petitioners (but not the Government) petition for review. Petitioners were represented by counsel before the IJ and BIA, but they petition for review pro se.[2]

---

[1] For ease of reference, we will refer to the petitioners individually by their first names. We mean no disrespect and imply no undue familiarity in doing so.

[2] Because the BIA also remanded Anoop's matter to the IJ to conduct background checks and the like in connection with the grant of withholding, we stayed this petition pending the entry of a final order. The IJ has since entered a final order, and we thus have

2

II.

Petitioners raise two challenges on review. First, they challenge the denial of their

asylum applications as untimely. As the Government argues, however, we lack

jurisdiction to review the Agency's determination that an asylum application is untimely

except to the extent that it presents a constitutional claim or question of law. See

Sukwanputra v. Gonzales, 434 F.3d 627, 633-34 (3d Cir. 2006) (citing 8 U.S.C. §§

1158(a)(3) and 1252(a)(2)(D)). Petitioners argue that their asylum applications were

based on changed conditions in India and that the BIA's rejection of that argument was

"[c]ontrary to the weight of the evidence[.]" That is precisely the type of factual

argument that we lack jurisdiction to review. See id. at 634. Petitioners also argue that

their counsel did not "withdraw" Ritu's asylum application on the grounds of

untimeliness as the IJ claimed. To the extent this argument presents a question of law,

we reject it.[3]

---

jurisdiction under 8 U.S.C. § 1252(a)(1). We review the decision of the BIA but may
look to the IJ's decision to the extent that the BIA deferred to it. See Chen v. Att'y Gen.,
676 F.3d 112, 114 (3d Cir. 2011). In doing so, we review factual findings under the
deferential substantial evidence standard and may not disturb them "'unless any
reasonable adjudicator would be compelled to conclude to the contrary.'" Li v. Att'y
Gen., 633 F.3d 136, 140 (3d Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

[3] The IJ stated that petitioners' counsel "conceded the one-year issue" and has
"voluntarily withdrawn" the asylum application as to Ritu. (IJ Dec. at 16, 25) (A.R. 88,
97). Petitioners' counsel argued to the BIA that he had not affirmatively withdrawn
Ritu's asylum claim. As the BIA explained, however, counsel conceded that he could not
locate any evidence of changed conditions in India after the IJ gave him time off the
record to do so and then argued at closing that Ritu's persecution began in 1995. (BIA
Dec. at 2) (citing A.R. 317-18). For these reasons, the BIA agreed with the IJ that Ritu's
asylum application was untimely. The BIA thus based its decision on the evidence, not
solely on counsel's purported withdrawal of the application.

Second, petitioners challenge the denial of Ritu's claim for withholding of removal. As the IJ explained, the Immigration and Nationality Act makes no provision for a derivative grant of withholding of removal (as it does for asylum). See 8 U.S.C. § 1231(b)(3); Arif v. Mukasey, 509 F.3d 677, 681-82 & nn. 16 & 17 (5th Cir. 2007) (collecting cases). Thus, to obtain withholding, Ritu bore the burden of proving it more likely than not that she personally would be persecuted in India on account of a protected ground. See Li, 633 F.3d at 140. Ritu claims that she has been beaten in the past by Anoop's mother and brother. She also claims to fear largely unspecified mistreatment if removed to India in the future.

The BIA concluded that Ritu had not met her burden of proving these claims, and we cannot say that any reasonable adjudicator would be compelled to conclude otherwise. Regarding Ritu's past mistreatment, the BIA concluded that she had not shown that it was on account of her membership in her claimed social group (the existence of which it did not reach). Petitioners have cited no evidence calling that conclusion into question, and our review of the record confirms that it is supported by substantial evidence.[4] Regarding the likelihood of future mistreatment, the BIA concluded that, while petitioners' evidence showed difficulties for women in India

---

[4] Among other things, the BIA explained that Ritu herself claimed in her asylum application and testimony that her mother- and brother-in-law beat her out of frustration over financial pressures because neither she nor Anoop contributed financially to the household and because her in-laws wanted them to leave. (A.R. 299-302; 725.) These kinds of private disputes do not establish persecution on account of a protected ground. See Amanfi v. Ashcroft, 328 F.3d 719, 727 (3d Cir. 2003).

4

generally, they had not shown that Ritu would be singled out for persecution. Petitioners' sole argument in that regard is that they presented "reports of worsening conditions for women in India." Our review of those reports, however, along with all the other evidence of record, reveals nothing compelling the conclusion that Ritu will more likely than not be persecuted on account of a protected ground (or otherwise).[5] Petitioners arguably have waived any challenge to the denial of Ritu's CAT claim by failing to develop any argument in that regard, but the same would go for the denial of her CAT claim as well.

One final issue warrants discussion. As the IJ observed, this is a very sympathetic case because the grant of relief to Anoop but not to Ritu could result in splitting their family, which includes a United States citizen daughter and a son who is a citizen of India but who the Government asserts has been granted Deferred Action for Childhood Arrivals. Petitioners raise this issue in their brief and cite an opinion addressing the possibility of a favorable exercise of prosecutorial discretion. See Cheruku v. Att'y Gen., 662 F.3d 198, 211 (3d Cir. 2011) (McKee, C.J., concurring). Petitioners do not actually request any relief in that regard, and we lack jurisdiction to afford any. Nevertheless, we observe that Ritu may warrant deferred action or some other form of favorable discretion under the policies set forth in the so-called Morton Memorandum[6] or otherwise. In that

---

[5] Petitioners cite only the 2008 Country Report, which they submitted for the first time on appeal to the BIA. (A.R. 39-62.) The BIA did not specifically discuss that report, but neither that report nor anything else of record compels the conclusion that Ritu met her burden of proof on this issue. In addition, Ritu herself testified that she did not want to return to India because she feared that she could not support her family, and "not so much" that she would be physically harmed. (A.R. 311.)

[6] See John Morton, Dir., U.S. Immigration & Customs Enforcement, Exercising Prosecutorial Discretion Consistent With the Civil Immigration Enforcement Priorities of

regard, we observe that the remainder of Ritu's family is not currently subject to immediate removal, that she has been in this country for some twelve years, that there is no indication that she has a criminal record of any kind, and that the record reflects her full-time employment and regular payment of state and federal income taxes. These factors are legally irrelevant to the issues before us, and we lack jurisdiction to grant or direct any relief in this regard. Given these factors, however, we doubt that removing Ritu would be consistent with the Government's current enforcement priorities, and we urge the appropriate ICE personnel to carefully consider that issue.

For these reasons, we will deny the petition for review.

---

the Agency for the Apprehension, Detention, and Removal of Aliens (June 17, 2011), available at http://www.ice.gov/doclib/secure-communities/pdf/prosecutorial-discretion-memo.pdf.