# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2013

Lyle W. Cayce
Clerk

No. 13-60111
Summary Calendar

ARIF YUSUF VHORA; NASIMBEN ARIFBHAI VHORA; AYMAN ARIFBHAI VHORA; RAWHABEN ARIFBHAI VHORA,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A087 380 081, A087 380 082,
A087 380 083, A087 380 084

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arif Yusuf Vhora, a native and citizen of India, filed applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on persecution on account of his Muslim religion. Vhora's wife, Nasimben Arifbhai Vhora, and his two daughters, Ayman Arifbhai Vhora, Rawhaben Arifbhai Vhora, seek derivative benefits of his asylum application.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60111

The Immigration Judge (IJ) made an adverse credibility finding and determined that Vhora failed to satisfy his burden of proof for asylum, withholding of removal, and relief under the CAT. The IJ alternatively determined that, even if Vhora was credible, he nevertheless failed to satisfy his burdens of proof. The IJ's decision was upheld by the Board of Immigration Appeals (BIA) when it dismissed Vhora's appeal.

Vhora argues that the IJ's adverse credibility determination was erroneous. We review questions of law de novo and factual findings for substantial evidence. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 347 (5th Cir. 2006). Under the substantial evidence standard, reversal is improper unless we decide that the evidence compels a contrary conclusion. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Because an IJ "may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an . . . applicant is not credible," we must defer to that determination "unless it is plain that no reasonable factfinder could make" such a ruling. *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).

The IJ noted the following inconsistencies between Vhora's sworn statement and testimony: (1) inconsistencies concerning whether he was the only worker at the Udna mosque; (2) the implausibility that his work at the Udna mosque would result in four arrests over a ten-year period in different cities throughout the state of Gujarat; (3) inconsistencies concerning the dates of his marriage and his second arrest; (4) inconsistencies concerning whether he was recruited to work for the Bajja Hindu party in a 1997 election; and (5) inconsistencies concerning why his visa was cancelled. The IJ further found that the additional evidence he submitted did not explain these inconsistencies or the implausibility of his statements. Vhora fails to show that, in light of the

No. 13-60111

totality of the circumstances, it is plain that no reasonable factfinder could make such a credibility determination. *See Wang*, 569 F.3d at 538.

The IJ and BIA further determined that, even if his testimony were credible, Vhora did not show that he has a well-founded fear of future persecution if he returned to India because he voluntarily returned to India twice from South Africa and once from the United States; he did not explain why he returned instead of arranging for his family to leave India. *See Dayo v. Holder*, 687 F.3d 653, 657 (5th Cir. 2012). The IJ and BIA also determined that there was evidence that Vhora and his family could relocate within India because the Indian Government has taken steps to protect Muslims including appointing commissions to investigate, study, and make recommendations for preventing violence, ten years have passed since the violence in Gujarat, the Hindu BJP party was defeated in the 2004 elections, and there are six states in India with large Muslim populations and two states in which Muslims are the majority.

Vhora has not shown that the record evidence compels a contrary conclusion. *See Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Vhora also has not shown that the IJ and BIA erred in holding that he failed to satisfy the higher burden of showing that he was entitled to withholding of removal. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007). Finally, Vhora has failed to show that his testimony and documentary evidence sufficed to warrant relief under the CAT. *See Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).

PETITION DENIED.