# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60418
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2015

Lyle W. Cayce
Clerk

SEYDI MARIA AREAS-ROJAS,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 518 996

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Seydi Maria Areas-Rojas, a native and citizen of Nicaragua, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's (IJ) decision denying her requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA agreed with the IJ that Areas-Rojas's asylum application was untimely and that she failed to establish extraordinary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstances.  We lack jurisdiction to review the determination that Areas-Rojas failed to establish extraordinary circumstances which would justify an untimely asylum application.  *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007); *Zhu v. Gonzales*, 493 F.3d 588, 594-96 (5th Cir. 2007).

The BIA also agreed with the IJ that Areas-Rojas had not credibly established her claims for relief.  Areas-Rojas argues that the adverse credibility finding was erroneous and challenges the findings regarding inconsistencies, lack of corroboration, and implausibility.  Areas-Rojas's claims of withholding of removal and protection under the CAT are not subject to the one-year time limitation applicable to asylum applications.  *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16-18; *Arif*, 509 F.3d at 680.  Therefore, we address the credibility determination as it affects those claims.

We "review only the BIA's decision,  . . . unless the IJ's decision has some impact on" that decision.  *Wang v. Holder,* 569 F.3d 531, 536 (5th Cir. 2009).  Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo.  *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011).  Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to the Petitioner's position.  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

An adverse credibility determination may be supported by "*any* inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible."  *Wang*, 569 F.3d at 538 (5th Cir. 2009) (internal quotation marks and citation omitted).  We review the record as a whole and conclude that it is not plain that no reasonable factfinder would have made the same adverse credibility ruling.  *See id.*

No. 14-60418

Because Areas-Rojas fails to show that she is entitled to relief in the form of asylum, she cannot establish entitlement to withholding of removal, which requires a higher burden. *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). Also, because her testimony was not found credible, Areas-Rojas failed to show that it was more likely than not she would be tortured if returned to Nicaragua. *See Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

To the extent that Areas-Rojas challenges the determination that her asylum application was untimely, the petition for review is DISMISSED for lack of jurisdiction. In all other respects, the petition for review is DENIED.