# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60840

FRANKLIN MIGUEL MIRANDA RODRIGUEZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2016

Lyle W. Cayce
Clerk

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 374 412

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Franklin Miguel Miranda Rodriguez, a native and citizen of Honduras, petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Miranda Rodriguez asserts that he suffered past persecution due to his sexual orientation, and he fears that he will again suffer persecution if he is returned to Honduras. He argues that the BIA erred in concluding that persecution as a matter of law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

could not be committed by a family member; in denying him due process because, while he was detained, he did not have access to evidence that supported his claim of a well-founded fear of persecution based upon changed country conditions; and in denying his motion to remand the case to the immigration judge (IJ) for consideration of additional evidence that supported his claim of a well-founded fear of future persecution.  As Miranda Rodriguez fails to address the denial of his CAT claim, any challenge to the denial of that claim has been abandoned.  *See Zhu v. Gonzales*, 493 F.3d 588, 593 n.10 (5th Cir. 2007).

The Attorney General (AG) previously filed an unopposed motion to remand Miranda Rodriguez's petition for review to the BIA, and a motions panel of this court denied the motion.  The AG again moves to remand the petition for review to the BIA.  But the AG does not concede or identify error in her motion to remand, and as described below we find none in our review.

We review the BIA's denial of Miranda Rodriguez's motion to remand the case to the IJ for consideration of additional evidence "under a highly deferential abuse-of-discretion standard."  *See Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1183 (2015).  Here, there was no abuse of discretion because the additional evidence sought to be presented to the IJ could have been presented earlier and/or was largely cumulative to the evidence already considered by the IJ.  *See id.*

We review the decision of the BIA, as well as the decision of the IJ to the extent that the IJ's decision influenced the BIA.  *Zhu*, 493 F.3d at 593-94.  We "must affirm the decision if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings."  *Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003).  Under this standard, Miranda Rodriguez "must show that the

evidence is so compelling that no reasonable factfinder could conclude against it." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994); *see* 8 U.S.C. § 1252(b)(4)(B).

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007). Miranda Rodriguez testified that his now-deceased uncle sexually abused him when he was nine years old and that his brother mistreated him at the age of 13 because of Miranda Rodriguez's sexual orientation. Those incidents—while reprehensible—fall short of the required extreme conduct needed to compel a conclusion of past persecution. *See Mikhael v. INS*, 115 F.3d 299, 304 (5th Cir. 1997) (affirming BIA's finding of no past persecution because "while a reasonable factfinder *could* have found . . . incidents [of bombing, violence, and kidnapping] sufficient to establish past persecution, we do not find a factfinder would be compelled to do so" (emphasis original)).

Additionally, substantial evidence supported the BIA's finding that Miranda Rodriguez could avoid persecution by relocating to another part of Honduras. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445–46 (5th Cir. 2001) (finding that applicable statutes and regulations do not require "the extraordinary act of granting asylum" when the asylum applicant "can relocate within his country upon return"). Specifically, Miranda Rodriguez's testimony established that in 1990, when he was 13 years old, he moved from his hometown of Tegucigalpa to San Pedro Sula, and he lived in San Pedro Sula as an openly gay person until 2013 without suffering anything more significant than verbal harassment, name-calling, and discrimination due to his sexual orientation. Indeed, Miranda Rodriguez described his life in San Pedro Sula in 2013 as "peaceful." He ultimately left San Pedro Sula not because he was persecuted for his homosexuality, but because two men targeted him as a small

business owner and threatened to kill him if he did not pay a "war tax." Although Miranda Rodriguez is correct that parts of the United States Department of State Honduras 2013 Human Rights Report might support a finding that he could not safely relocate to another area of Honduras, the report does not, given the other noted evidence, compel such a finding. *See Lopez-Gomez*, 263 F.3d at 445–46 (affirming BIA's determination that petitioners could have relocated within Guatemala because it was supported by substantial evidence).

PETITION DENIED; REQUEST FOR REMAND DENIED.