# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60027
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2016

Lyle W. Cayce
Clerk

MIRZA AZAMALI BAIG; YASMEEN BAIG,

Petitioners

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No.  A097 645 413
BIA No.  A097 645 372

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mirza Azamali Baig and his wife, Yasmeen Baig, natives and citizens of Pakistan, petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal from an immigration judge's (IJ's) order denying withholding of removal and relief under the Convention Against Torture (CAT).  They argue that they are entitled to relief based on a showing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60027

of past persecution and a fear of future persecution on account of their political opinions. To the extent that the Baigs argue that they were entitled to asylum, we do not have jurisdiction to consider the issue because the couple did not submit an application for asylum before either the IJ or the BIA. *See Omari v. Holder*, 562 F.3d 314, 317 (5th Cir. 2009) (recognizing that failure to exhaust an issue before the BIA strips us of jurisdiction).

We generally have authority to review only the decision of the BIA, but will consider the IJ's decision when, as here, it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. *Id.* at 594. Under the substantial evidence standard, reversal is improper unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citations omitted); 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

The Baigs argue that the BIA erred when it determined that they did not demonstrate that they had suffered past persecution. Specifically, they argue that testimony established that Mirza suffered past persecution when he was detained for approximately one month and interrogated regarding his knowledge of corruption involving Mirza's employer, the Schon Group, and the government run by former Prime Minister Benazir Bhutto. Mirza testified that he was kept confined in an office with no air conditioning and that for at least three days, he did not receive any fresh clothing, food, or water. He further testified that his interrogators forced him to sit with his back against the wall and stretch his legs until his tendons strained. In cases presenting similar facts, we have held that such interrogation, although "unpleasant and

2

unduly prolonged," was not "brutal" and did not rise to the level of persecution. *Tesfamichael v. Gonzales*, 469 F.3d 109, 112, 117 (5th Cir. 2006); *see also Majd v. Gonzales*, 446 F.3d 590, 596 (5th Cir. 2006) (concluding that petitioner was not eligible for withholding of removal after agreeing that two prior detentions were more akin to harassment rather than persecution and that there was no evidence that petitioner suffered from any long-term deprivation of liberty or from any permanent physical or emotional injury).

Although Mirza alleged that he suffered from two incidents of sexual abuse, he did not elaborate on the claim. His conclusory allegation without "specific, detailed facts" is not sufficient to demonstrate past persecution. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citations omitted). Moreover, Yasmeen relied solely on Mirza's claims of persecution and did not provide any evidence that she had personally been harmed or detained in Pakistan; therefore, she cannot demonstrate past persecution. *See Arif v. Mukasey*, 509 F.3d 677, 681 n.15 (5th Cir. 2007) ("[T]here are no derivative beneficiaries for an application for withholding of removal.") (internal quotation marks and citations omitted); *see also Majd*, 446 F.3d at 595 (stating that an applicant cannot base her fear of persecution solely on general conditions of violence and civil unrest).

The Baigs do not object to the BIA's conclusion that they waived any challenge to the IJ's alternative conclusion that any persecution they might have suffered in the past was not due to an enumerated ground but was mainly motivated by the government's legitimate objective of investigating corruption. Because the Baigs do not address the BIA's reasons for concluding that the issue was waived, the Baigs have abandoned their arguments regarding whether any persecution that they might have suffered was motivated by their political opinions. *See Silva-Trevino v. Holder*, 742 F.3d 197, 199 (2014)

(concluding that petitioner had waived his argument by failing to adequately brief the issues).  Furthermore, the Baigs' speculative statements regarding their fears of torture at the hands of the regime likely to be in power upon their return to Pakistan were not sufficient to demonstrate an "objective 'clear probability' of persecution." *Majd*, 446 F.3d at 595; *see Bouchikhi v. Holder*, 676 F.3d 173, 181-82 (5th Cir. 2012).  Based on the foregoing, the BIA's determination that the Baigs failed to establish eligibility for withholding of removal is supported by substantial evidence.  *See Chen*, 470 F.3d at 1134.

In their appeal to the BIA, the Baigs identified the regulations governing their CAT claims; however, they made no argument with regard to the IJ's denial of the claims and specifically asserted that they were requesting reversal of the IJ's denial of their withholding of removal claim.  Accordingly, because the Baigs failed to fairly present the CAT issue to the BIA, the claim is unexhausted and we do not have jurisdiction to consider the merits.  *See Omari*, 562 F.3d at 317.  The Baigs' petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.