# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60846
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2019

Lyle W. Cayce
Clerk

DIONISIO ATLAHUA-TEMOXTLE, also known as Josue Rodriguez,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 143 705

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Dionisio Atlahua-Temoxtle, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial by an immigration judge (IJ) of withholding of removal and relief under the Convention Against Torture (CAT). He argues that he is entitled to relief based on a showing of past persecution and a fear of future persecution on account of his membership in a particular social group.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60846

We generally have authority to review only the decision of the BIA, but we will consider the IJ's decision when, as here, it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. *Id.* at 594; *see also* 8 U.S.C. § 1252(b)(4)(B) (substantial evidence standard).

Atlahua-Temoxtle's claims of attempted extortion are more akin to harassment and do not rise to the level of past persecution. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007); *Majd v. Gonzales*, 446 F.3d 590, 595-96 (5th Cir. 2006). In addition, Atlahua-Temoxtle cannot demonstrate a nexus to any protected ground because we have made clear that we do "not recognize extortion as a form of persecution." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (internal quotation marks and citations omitted). Moreover, Atlahua-Temoxtle's speculative statements regarding his fears of future persecution are not sufficient to demonstrate an "objective 'clear probability' of persecution." *Majd*, 446 F.3d at 595; *see Bouchikhi v. Holder*, 676 F.3d 173, 181-82 (5th Cir. 2012); *Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004). The BIA's determination that Atlahua-Temoxtle failed to establish eligibility for withholding of removal is supported by substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Atlahua-Temoxtle failed to fairly present his CAT claim to the BIA. Therefore, the claim is unexhausted, and we do not have jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 317 (5th Cir. 2009). Atlahua-Temoxtle's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.