# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2021

Lyle W. Cayce
Clerk

No. 20-60490
Summary Calendar

Jonathan Joel Mendoza-Erazo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 423 019

Before Davis, Jones, and Elrod, *Circuit Judges.*

Per Curiam:[*]

Jonathan Joel Mendoza-Erazo, a native and citizen of Honduras, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge's (IJ) denial of asylum and withholding of removal. He claims that he was persecuted, and

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

feared future persecution, based on his membership in a particular social group defined as "imputed homosexuality."

Generally, this court reviews the final decision of the BIA and will only consider the IJ's decision where it influenced the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Factual findings are reviewed for substantial evidence and rulings of law de novo. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Zhu*, 493 F.3d at 594. We review for substantial evidence the conclusion that an alien is not eligible for asylum and withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

To be eligible for asylum, Mendoza-Erazo must show that he is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of," as relevant here, "membership in a particular social group." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1). "[P]ersecution is an extreme concept," *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007) (internal quotation marks and citation omitted), and "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional," *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (internal quotation marks and citation omitted).

Substantial evidence supports the BIA's determination that Mendoza-Erazo is ineligible for relief because he has not established the requisite nexus between persecution and a protected ground. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2009). The evidence does not establish that he was targeted because of his imputed sexuality, *see id.*, or that the harm he suffered—an attempted assault and two threats over a five-year period—constitute persecution, *see Majd*, 446 F.3d at 595. Because Mendoza-Erazo failed to demonstrate his entitlement to asylum, he also failed to demonstrate

No. 20-60490

his entitlement to withholding of removal.  *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

The petition for review is DENIED.