# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-60279
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 25, 2024

Lyle W. Cayce
Clerk

Dunia Lizzeth Gomez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 657 350,

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Dunia Lizzeth Gomez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision of an Immigration Judge (IJ) denying her application for asylum, withholding of removal, and protection under the Convention

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-60279

Against Torture (CAT) and ordering her removed.  We review the BIA's opinion and consider the IJ's decision only insofar as it influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Now, Gomez fails to brief, and thus forfeits any arguments she may have had concerning, the BIA's threshold decisions that she waived any challenges she may have had to the IJ's conclusions concerning the timeliness of her asylum application and the merits of her CAT claim by not meaningfully challenging these conclusions.  *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022).  Additionally, because the timeliness determination is a sufficient basis for the rejection of the asylum claim, we need not consider her remaining arguments concerning this form of relief. *See* 8 U.S.C. § 1158(a)(2)(B); *Arif v. Mukasey*, 509 F.3d 677, 679-80 (5th Cir. 2007); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023). Only her withholding claim remains.

One who seeks withholding must show it is "more likely than not" that officials would be unable or unwilling to protect her from persecution on account of a protected ground, such as PSG membership, if she is repatriated. *Jaco v. Garland*, 24 F.4th 395, 401, 406-07 (5th Cir. 2021) (internal quotation marks and citation omitted).  Because the BIA's decision concerning withholding is reviewed for substantial evidence, we should not disturb it unless the evidence "*compels*" a contrary conclusion.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).  Because Gomez fails to show that the evidence compels a conclusion contrary to that of the BIA on the nexus element, she shows no error in connection with the rejection of her withholding claim, and we need not consider her remaining arguments concerning this form of relief.  *See id.*; *Jaco*, 24 F.4th at 401; *Munoz-De Zelaya*, 80 F.4th 689 at 693-94.  The petition for review is DENIED.