NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1449
_____

JOHANA OJEDA-GUAMAN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Agency Nos. A220-197-123)
Immigration Judge: Richard Bailey
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 2, 2024
_____

Before: SHWARTZ, MATEY, and McKEE, Circuit Judges.

(Filed: December 9, 2024)
_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Petitioners Johana Ojeda-Guaman and her minor son seek review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the Immigration Judge's ("IJ") denial of their application[1] for asylum and withholding of removal.[2] Because Petitioners fail to challenge the BIA's conclusions on issues dispositive of their application, we will deny the petition.

I

Petitioners are natives and citizens of Ecuador who entered the United States without inspection in June 2021. A few months later, the Department of Homeland Security served both with Notices to Appear ("NTA"), informing them that they were removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Thereafter, they appeared before an IJ and admitted to the factual allegations in the NTA. Based on those admissions, the IJ

---

[1] Ojeda-Guaman included her son as a derivative beneficiary on her application. 8 U.S.C. § 1158(b)(3)(A) ("A spouse or child . . . of [a noncitizen] who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the same status as the [noncitizen] if accompanying, or following to join, such [noncitizen]."); 8 C.F.R. § 1208.3(a) (providing a process by which spouses and children of asylees may apply for derivative asylum status). Because the Immigration and Nationality Act only provides for derivative asylum relief, not derivative withholding of removal, asylum is Ojeda-Guaman's son's only viable claim. See 8 U.S.C. § 1231(b)(3) (defining eligibility for withholding of removal, and not providing for derivative withholding); Arif v. Mukasey, 509 F.3d 677, 681-82 & nn.16-17 (5th Cir. 2007) (collecting cases).

[2] Because the Petitioners do "not raise[] any argument regarding the denial of [their] CAT claim except by mentioning the Convention in [their] concluding paragraph," we conclude "the CAT claim to have been waived." *Lie v. Ashcroft*, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

sustained the charge of removability, and the Petitioners sought asylum and withholding of removal.

At the merits hearing, Ojeda-Guaman testified that she had been sexually assaulted by a man in her community. After she reported the attack to the police, the man came to her house and threatened her and her son with a throat-cutting gesture. They then fled Ecuador. Based on these events, Petitioners sought, among other things, asylum and withholding of removal. The IJ denied Petitioners' application based on a finding that they had not shown that the Ecuadorean government was unwilling or unable to protect them, but rather they showed only that the prosecution of the assailant "did not proceed as quickly as [they] would have liked." AR 35.

Petitioners appealed to the BIA, but did not challenge the IJ's conclusion that they had failed to establish that the Ecuadorean government was unwilling or unable to protect them. Accordingly, the BIA "deem[ed] the issue waived" and affirmed the IJ's decision on this basis alone. AR 4.

Petitioners seek review.

II[3]

---

[3] The IJ had jurisdiction under 8 C.F.R. § 1208.2, the BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction under 8 U.S.C. § 1252(a)(1). See Garcia v. Att'y Gen., 665 F.3d 496, 502 n.4 (3d Cir. 2011). When "the BIA issue[s] its own opinion, and did not simply adopt the opinion of the IJ, we review . . . the BIA's decision as the final agency decision." Nelson v. Att'y Gen., 685 F.3d 318, 320-21 (3d Cir. 2012) (citations omitted). "[T]o the extent the BIA deferred to or adopted the IJ's reasoning, we also look to and consider the decision of the IJ on those points." Id. at 321 (citation omitted). We review legal determinations de novo and "accept factual findings if

To obtain asylum, a noncitizen must show that (1) she "is unable or unwilling to avail . . . herself of the protection of [her] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42); and (2) "the government in h[er] home country either committed the persecution or was unable or unwilling to control the persecutor," Blanco v. Att'y Gen., 967 F.3d 304, 310 (3d Cir. 2020) (citation omitted).[4] Here, the IJ found, among other things, that Petitioners did not prove that the government was "unable or unwilling to control the persecutor." Id.

For our Court to review this ruling, Petitioners must have "exhausted all administrative remedies available to [them] as of right." 8 U.S.C. § 1252(d)(1); see also Santos-Zacaria v. Garland, 598 U.S. 411, 416-17, 419, 423 (2023) (holding that, as a claims-processing rule, § 1252(d)(1) permits courts to review final removal orders only after administrative exhaustion, subject to waiver and forfeiture). Under our "liberal exhaustion policy," a noncitizen "need not do much to alert the B[IA] that [s]he is raising an issue," "so long as . . . [she] makes some effort . . . to place the B[IA] on notice of a

---

supported by substantial evidence." Sesay v. Att'y Gen., 787 F.3d 215, 220 (3d Cir. 2015).

[4] The standard for establishing eligibility for withholding of removal is similar but more demanding as it requires the noncitizen to demonstrate a "clear probability," Blanco, 967 F.3d at 310, that her "life or freedom would be threatened" in her home country because of a statutorily protected ground, 8 U.S.C. § 1231(b)(3)(A). If an asylum-seeker cannot show a "well-founded fear of persecution," she also cannot show a "clear probability" of the same. Toure v. Att'y Gen., 443 F.3d 310, 317 (3d Cir. 2006).

4

straightforward issue being raised on appeal." Joseph v. Att'y Gen., 465 F.3d 123, 126 (3d Cir. 2006), as amended (Nov. 27, 2006) (internal quotation marks and citations omitted). However, when a noncitizen fails to raise any argument regarding a particular issue in either her notice of appeal or brief to the BIA, she fails to provide the BIA notice and therefore does not exhaust her administrative remedies. See Lin v. Att'y Gen., 543 F.3d 114, 120-22, 126 (3d Cir. 2008), abrogated on other grounds by Santos-Zacaria, 598 U.S. 411.

Here, the IJ found that Petitioners had not established that the Ecuadorean government was unwilling or unable to protect Ojeda-Guaman from any past or future persecution, which is a necessary showing to obtain both asylum and withholding of removal. See Blanco, 967 F.3d at 310. Petitioners failed to argue in their notice of appeal or brief to the BIA that the IJ erred in that determination and, as a result, the BIA properly concluded that they had waived the issue. As a consequence of failing to raise the issue before the BIA, Petitioners failed to exhaust their administrative remedies.[5] Accodingly, because Petitioners did not exhaust their administrative remedies, they may not seek our review. See 8 U.S.C. § 1252(d)(1).

---

[5] Even if we were to disregard the administrative exhaustion requirement imposed by § 1252(d)(1), Petitioners' failure to challenge the IJ's conclusion before this Court that they did not show Ecuador's unwillingness or inabililty to protect Ojeda-Guaman constitutes a waiver. See Travitz v. Ne. Dep't ILGWU Health & Welfare Fund, 13 F.3d 704, 711 (3d Cir. 1994) ("When an issue is not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal.").

## III

For the foregoing reasons, we will deny the petition.