# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60485
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2014

Lyle W. Cayce
Clerk

SHAOLING CHEN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 726 642

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Shaoling Chen filed an application for asylum in September 2009, asserting that she was a native and citizen of the People's Republic of China who had entered the United States on January 3, 2009.  In March 2010, Chen was charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien who had entered this country without being admitted or paroled.  Chen conceded removability but sought relief in the form of asylum, withholding of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60485

removal, and protection under the Convention Against Torture (CAT), asserting that she had suffered past persecution on account of her opposition to the Chinese government and that she had a well-founded fear of future persecution on that same ground. The immigration judge (IJ) found that Chen's asylum application was frivolous, that she had not shown that the application had been timely filed, and that she had not shown that she was eligible for the relief she sought. Accordingly, the IJ denied Chen's requests for relief and ordered Chen removed to China. The Board of Immigration Appeals (BIA) dismissed Chen's appeal of the IJ's decision. Chen now petitions for review of the BIA's decision.

On a petition for review, this court "review[s] only the BIA's decision, unless the IJ's decision has some impact on" that decision. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (internal quotation marks and citation omitted). We review the BIA's factual findings under the substantial evidence standard, and we review legal questions de novo. *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011). Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to that of the BIA. *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted).

Chen argues that there was not sufficient evidence in the record to support a finding of frivolousness. The IJ and the BIA credited the testimony of Robert Gohl, a forensic document examiner, that the identification card submitted by Chen was fraudulent. "It is the factfinder's duty to make credibility determinations, and this court cannot substitute its judgment for that of the BIA or IJ with respect to witnesses' credibility." *Id.* Other than her own assertions that her Chinese identification card is authentic, Chen has never offered any evidence to refute Gohl's testimony that the card she

No. 13-60485

submitted was fraudulent.  Substantial record evidence supports the BIA's factual finding that Chen submitted a fraudulent identification card in support of her asylum application and that the application was therefore frivolous.  *See* 8 C.F.R. § 1208.20; *Orellana-Monson*, 685 F.3d at 518; *Rui Yang*, 664 F.3d at 584-85.

Chen also attacks the BIA's frivolousness determination on three additional grounds.  First, she asserts that Gohl's report and his testimony were "introduced for impeachment purpose[s] only" and that Gohl was not placed under oath.  Second, Chen argues that it was not established that she knowingly filed a frivolous asylum application.  Third, Chen argues that the IJ should not have made a frivolousness determination sua sponte.  Chen did not raise any of these arguments in her brief before the BIA or in a motion for reconsideration.  Accordingly, she has failed to exhaust these issues, and we lack jurisdiction to consider them.  *See Omari v. Holder*, 562 F.3d 314, 318-21 (5th Cir. 2009).

Chen assigns error to several of the individual findings underpinning the BIA's overall conclusion that she had not credibly established her claims for relief.  An adverse credibility determination may be supported by "*any* inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).  In this case, we need not address each of the individual findings challenged by Chen because Chen's submission of a fraudulent identification card and her insistence that the card was genuine, by itself, supports the BIA's adverse credibility determination.  Moreover, reviewing the record as a whole, we conclude that it is not plain that no reasonable factfinder would have made the same adverse credibility ruling.  *See Wang*, 569 F.3d at 538.

No. 13-60485

Overall, the BIA's decision that Chen was not entitled to asylum because she had not provided credible evidence of either past persecution or a well-founded fear of future persecution is supported by substantial evidence. *See Orellana-Monson*, 685 F.3d at 518. If an alien has failed to establish the well-founded fear necessary for an asylum claim, it follows that she necessarily cannot establish an entitlement to withholding of removal or relief under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012); *Rui Yang*, 664 F.3d at 588-89.

Chen also challenges the BIA's determination that there was a conflict between her oral testimony, which described Chen's relationship with a woman named "Sue C.," and her asylum statement, which did not mention "Sue C." The legal issue asserted by Chen arose from "the BIA's act of decisionmaking" and could not have been raised prior to the BIA's issuance of its decision. *See Omari*, 562 F.3d at 320-21. In order to properly exhaust this issue, Chen should have raised it first in a motion for reconsideration before the BIA. *See id.* Because she did not do so, we lack jurisdiction to consider the issue. *Id.*

Finally, Chen argues that the BIA did not make any express findings on the issue of timeliness and that "it may be assumed that the BIA agreed with" her position that the application was timely. She reiterates her contention that she provided sufficient evidence of the timeliness of her asylum application. Whether Chen met her burden to establish that she filed a timely asylum application is a factual question that this court lacks jurisdiction to review. 8 U.S.C. § 1158(a)(3); *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007).

To the extent that Chen challenges the BIA's determination that her asylum application was untimely and to the extent that Chen raises arguments that she failed to exhaust before the BIA, the petition for review is DISMISSED. In all other respects, Chen's petition for review is DENIED.

4