# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60480
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2016

Lyle W. Cayce
Clerk

ABRAHAM CARAM-ABUD,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 889 145

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Abraham Caram-Abud, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge denying his request for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He maintains that he has shown that he was persecuted due

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to his political beliefs and that this persecution took the form of prosecution and the amount of money he has had to pay for the ensuing legal fees.

We review the factual determination that an alien is not eligible for asylum, withholding of removal, or relief under the CAT under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009); *see* 8 U.S.C. § 1252(b)(4)(B). It is the petitioner's burden to demonstrate that the evidence compels a conclusion contrary to that reached by the BIA. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005). We will uphold the decision to deny asylum unless the petitioner shows that the action was arbitrary, capricious, or an abuse of discretion. *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Caram-Abud has not met these standards.

The attempted prosecution and concomitant legal bills upon which Caram-Abud relies may, as he alleges, be "unfair, unjust or even unlawful or unconstitutional." *See Tesfamichael v. Gonzales*, 469 F.3d 109, 114 (5th Cir. 2006). Not all such, acts, however, rise to the level of persecution. *See id.* Caram-Abud has not shown that he has suffered the sort of "extreme . . . treatment" that amounts to persecution. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007) (internal quotation marks and citation omitted). Rather, the acts alleged by Caram-Abud may fairly be classed as harassment, which does not equal persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).

Additionally, Caram-Abud has not shown, through either direct or circumstantial evidence, that this harassment was visited upon him due to his political affiliation. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351

(5th Cir. 2002). There is nothing in the record, apart from his own conclusional allegation, indicating that officials were even aware of his association with the rival political party (the only evidence he introduced of public participation with the party involved voter promotion work three decades ago), much less that the attempted prosecution was borne from a desire to punish him for this association.

In sum, it cannot be said that the evidence compels a conclusion contrary to the BIA's determination that Caram-Abud was not entitled to asylum. *See Zhao*, 404 F.3d at 306. Because Caram-Abud has failed to satisfy the requirements for an asylum claim, it follows that he necessarily cannot establish an entitlement to withholding of removal, which requires a higher burden. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). Nor has Caram-Abud shown any likelihood of torture should he be returned to Mexico. *See Chen v. Gonzales,* 470 F.3d 1131, 1138-43 (5th Cir. 2006). The petition for review is DENIED.