# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2018

Lyle W. Cayce
Clerk

IVETTE ALEJANDRA GARCIA-ROJAS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Cons. w/ No. 16-60719

CLAUDIA ELIZABETH GARCIA ROJAS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 632 808
BIA No. A096 172 323

No. 16-60710
c/w No. 16-60719

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In these consolidated cases, sisters Ivette Alejandra Garcia-Rojas and Claudia Elizabeth Garcia-Rojas petition for review of their respective decisions from the Board of Immigration Appeals (BIA).  They challenge the denial of their applications for asylum.  According to the Garcia-Rojas sisters, the BIA and Immigration Judge (IJ) did not base their decisions on substantial evidence but rather made errors of fact and law.  The Garcia-Rojas sisters claim a fear of return to Mexico on account of their membership in a particular social group of their immediate family.

We review the final decision of the BIA and will also review the IJ's ruling insofar as it affected the BIA's decision.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  The BIA's legal conclusions are reviewed de novo "unless a conclusion embodies [the BIA's] interpretation of an ambiguous provision of a statute that it administers," in which case *Chevron*[1] deference is required.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (internal quotation marks and citation omitted).  We review findings of facts, including asylum eligibility, for substantial evidence, which requires that the decision (1) be based on the evidence presented and (2) be substantially reasonable.  *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).  The BIA's finding is conclusive under that standard unless any reasonable adjudicator would be compelled to conclude to the contrary.  *See id.*

Substantial evidence supports that the Garcia-Rojas sisters did not suffer past persecution.  It is undisputed that they suffered no physical harm,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984).

and the sisters have not pointed to evidence that they received a direct threat. Even though persecution does not necessarily entail physical harm to the applicant, *see Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996), the absence of (1) physical harm to or (2) another significant deprivation of an asylum applicant can support a finding that no past persecution occurred. *See Eduard v. Ashcroft*, 379 F.3d 182, 187 n.4, 188 (5th Cir.2004). Under the circumstances here, neither the killings of family members of the Garcia-Rojas sisters nor any "indirect threat" to the sisters compel a finding of past persecution. *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017); *Sharma*, 729 F.3d at 411; *Eduard*, 379 F.3d at 187-88; 8 C.F.R. § 1208.13(b)(1) (requiring, for a finding of past persecution, that an applicant establish that "he or she" has suffered persecution); *see Arif v. Mukasey*, 509 F.3d 677, 681 n.15 (5th Cir. 2007).

In order for the Garcia-Rojas sisters to qualify for asylum in the absence of their own past persecution, they must demonstrate a well-founded fear of persecution if they were to return to Mexico. *Eduard*, 379 F.3d at 189. A well-founded fear requires a subjective fear of persecution that is objectively reasonable. *Id.* Regardless whether the perpetrators "could become aware" that the sisters were immediate family members of their murdered brothers, *see Eduard*, 379 F.3d at 191, the BIA reasonably found that, in light of the factors it noted, there was insufficient evidence that "a reasonable person in the same circumstances would fear persecution" on account of their immediate family membership. *Orellana-Monson*, 685 F.3d at 518. The fact-based claims of error alleged by the sisters do not show that the BIA's decisions were unreasonable.[2] *See Sharma*, 729 F.3d at 411. Given the Garcia-Rojas sisters'

---

[2] Even though the evidence does not support the BIA's finding that Claudia Elizabeth Garcia-Rojas was not close with her brothers, that discrete error played no material role in the BIA's analysis.

No. 16-60710
c/w No. 16-60719

burden to show eligibility for asylum, it was substantially reasonable for the BIA to consider the family's safety in Mexico under the circumstances presented here. *See Sharma*, 729 F.3d at 411-12; *Orellana-Monson*, 685 F.3d at 518.

PETITIONS DENIED.