# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60614
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2019

Lyle W. Cayce
Clerk

OCTAVIO SANCHEZ PEDROSA, also known as Octavio Sanchez,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A022 415 928

Before REAVLEY, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Octavio Sanchez Pedrosa, a native and citizen of Mexico, has filed a petition for review of a decision by the Board of Immigration Appeals (BIA). The BIA dismissed his appeal from the immigration judge's denial of his request for withholding of removal. "[W]ithholding of removal is a mandatory form of relief if an alien's life or freedom would be threatened in the country of removal because of the alien's race, religion, nationality, membership in a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

particular social group, or political opinion." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). To establish membership in a particular social group, an alien "must show that he was a member of a group of persons that share a common characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 352 (5th Cir. 2002); *see Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985). "However, the risk of persecution alone does not create a particular social group." *Orellana-Monson v. Holder*, 685 F.3d 511, 518-19 (5th Cir. 2012) (internal quotation marks, brackets, and citation omitted).

We review the BIA's factual conclusion that Sanchez Pedrosa is not eligible for withholding under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Thus, reversal is unwarranted unless we determine "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted).

Sanchez Pedrosa contends that, if returned to Mexico, he will be harmed by extortionists on account of his membership in a particular social group he identifies as "small business owners who have resided in the U.S. from Mexico, and are being targeted by [a gang known as] the Zetas." The BIA agreed with the immigration judge that Sanchez Pedrosa's proposed group does not qualify as a particular social group. Sanchez Pedrosa fails to show that the evidence compels a conclusion that he is likely to suffer harm rising to the level of persecution on account of his membership in a particular social group. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007); *Orellana-Monson*, 685 F.3d at 518; *see also Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012) (holding that extortion "by an anonymous group of individuals who perceive

petitioner's family to be wealthy does not" warrant withholding of removal); *Acosta*, 19 I. & N. Dec. at 234 (holding that members of a taxi cab cooperative were not a particular social group because they could change their jobs).

Sanchez Pedrosa also argues that the immigration court lacked jurisdiction over his case because his notice to appear was deficient under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). We lack jurisdiction to consider this contention because it was not presented to the BIA. *See Nunez v. Sessions*, 882 F.3d 499, 505 n.2 (5th Cir. 2018) (holding that the court lacked jurisdiction to consider an unexhausted contention that the notice to appear was defective).

The petition for review is DENIED IN PART and DISMISSED IN PART for lack jurisdiction.