# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

No. 18-60553
Summary Calendar

DELIJA FLORJAN,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 069 834

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Delija Florjan, a native and citizen of Albania, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Florjan claims that he was subject to two incidents of persecution because he is a member of the Democratic Party in Albania.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60553

Florjan contends that the BIA erred in finding that he failed to establish past persecution based on these incidents. The BIA's determination that an alien is not eligible for asylum or withholding of removal is reviewed under the substantial evidence standard, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006), under which we will uphold the decision unless the evidence compels a contrary conclusion. *Id.*

That deferential standard of review makes the difference here. Although Florjan identifies some physical harm he suffered in Albania, the evidence does not compel the conclusion that the harm rose to the level of persecution. *See Cruz v. Barr*, 929 F.3d 304, 306 (5th Cir. 2019); *Eduard v. Ashcroft*, 379 F.3d 182, 187−88 (5th Cir. 2004).

Florjan also challenges the BIA's finding that he did not have a well-founded fear of future persecution. He argues that the BIA gave too much weight to evidence that his family, also members of the Democratic Party, remain in Albania. He asserts the BIA should have given more weight to the evidence of his beating and threats and to an affidavit on country conditions from his purported expert. Even if the record could support a finding of a fear of future persecution, the record does not compel a finding that Florjan demonstrated a well-founded fear of future persecution. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007).

For the first time in his petition for review, Florjan contends that the BIA engaged in impermissible fact finding by considering certain documentary evidence. Because Florjan did not present that argument before the BIA in a motion for reconsideration, it is unexhausted, and we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

2

No. 18-60553

Because Florjan has not met his burden concerning eligibility for asylum, he also has not satisfied the more demanding showing required for withholding of removal. *See Chen*, 470 F.3d at 1138. Additionally, Florjan has abandoned the issue of protection under the CAT as he does not meaningfully brief the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.