# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60351
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2020

Lyle W. Cayce
Clerk

GAGANPREET SINGH,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 937 309

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.
PER CURIAM:[*]

Gaganpreet Singh, a citizen and native of India, proceeding *pro se*, seeks review of the Board of Immigration Appeals' (BIA) dismissing his appeal of an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Singh contends the BIA erred in accepting the IJ's:  finding Singh had not suffered past persecution; conducting a limited, incomplete, and conjectural analysis of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-60351

the feasibility of Singh's relocating within India; not shifting the burden with respect to the feasibility of internal relocation to respondent; and finding Singh is not under direct threat of persecution at the acquiescence of government officials for purposes of withholding of removal and CAT protection.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), our court reviews legal conclusions *de novo* and factual findings for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012) (citations omitted). The determinations an alien is ineligible for asylum, withholding of removal, and CAT relief are each factual findings. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted). On substantial-evidence review, such factual findings will not be disturbed "unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it". *Orellana-Monson*, 685 F.3d at 518 (emphasis in original) (internal quotation marks and citation omitted). Along that line, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* (internal quotation marks and citation omitted).

Regarding Singh's seeking asylum, aliens who qualify as refugees are eligible for it. 8 U.S.C. § 1158(b)(1)(A). "The term 'refugee' is statutorily defined as a person who is outside their country and unable or unwilling to return 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994) (quoting 8 U.S.C. § 1101(a)(42)(A)). In that regard, persecution is "the infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive[,] . . . in a manner condemned by civilized governments". *Abdel-Masieh v. INS*, 73 F.3d 579, 583–84 (5th Cir. 1996)

(alteration and citation omitted). "The harm or suffering need not be physical, but may take other forms, such as the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life." *Id.* (citation omitted).

In this instance, it was substantially reasonable for the BIA to conclude that the facts adduced at the removal hearing did not rise to the level of persecution, which is "an extreme concept that does not include every sort of treatment our society regards as offensive". *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007) (citation omitted). And, Singh's contention that the instant facts are more egregious than those in similar instances where this court did not find persecution does not compel a contrary conclusion. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

"To establish a well-founded fear of *future* persecution, an alien must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005) (emphasis added) (internal quotation marks and citation omitted). "At a minimum, there must be some particularized connection between the feared persecution and the alien's race, religion, nationality[, membership in a particular social group, or political opinion]." *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). To show such a connection, the alien must "present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution". *Id.* (emphasis in original) (internal quotation marks and citation omitted). That said, "[a]n [asylum] applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so". 8 C.F.R. § 208.13(b)(2)(ii).

No. 19-60351

The BIA's determination that Singh failed to demonstrate a well-founded fear of future persecution because he did not meet his affirmative burden to show that he could not relocate within India to avoid persecution was substantially reasonable. Although Singh contends the BIA failed to assess a number of relevant facts, including his rival political party's nationwide influence, the difficulty he would have finding work outside of Punjab, and the prejudicial effect of his visibly Sikh identity, Singh cites no record evidence supporting his positions on those points. Furthermore, because, as discussed above, Singh failed to demonstrate past or government-sanctioned persecution, the burden never shifted from him to prove the unfeasibility of internal relocation. *See* 8 C.F.R. § 208.13(b)(3)(i).

Because Singh "failed to establish the less stringent well-founded fear standard of proof required for asylum relief", he cannot meet the more stringent burden for showing entitlement to withholding of removal. *Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) (internal quotation marks and citation omitted).

Finally, we lack jurisdiction to consider Singh's claim of eligibility for CAT protection because he failed to address it before the BIA, and the BIA did not consider it *sua sponte*. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (citations omitted).

DISMISSED IN PART and DENIED IN PART.