# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60406
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 28, 2020

Lyle W. Cayce
Clerk

ALEXIS ENRIQUE PINEDA-MUNGUIA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 762 959

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Alexis Enrique Pineda-Munguia, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60406

There is no merit to Pineda-Munguia's contention that the BIA applied an incorrect standard to find that he had not demonstrated past persecution for purposes of asylum and withholding of removal. Moreover, his arguments that he suffered past persecution and has a well-founded fear of future persecution should he be returned to Honduras are wholly conclusory. *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 321 n.1 (5th Cir. 2007). Accordingly, there is no compelling evidence that the BIA erred by denying Pineda-Munguia's requests for asylum and withholding of removal. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007). Because Pineda-Munguia does not challenge the BIA's denial of CAT protection, he has abandoned that claim on appeal. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

Pineda-Munguia's second argument is that his receipt of a Notice of Hearing listing the date and time of his removal hearing failed to cure the omission of that information from the initial Notice to Appear for purposes of bestowing jurisdiction on the immigration court. Relatedly, his third argument is that the BIA wrongly decided in *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), that an initially defective notice to appear can be cured by a Notice of Hearing containing the missing time and date information. Both arguments are foreclosed by *Pierre-Paul v. Barr*, 930 F.3d 684, 688-93 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779)

The petition for review is DENIED.