# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2021

Lyle W. Cayce
Clerk

No. 20-60027
Summary Calendar

Jagera Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 215 912 692

Before King, Smith, and Wilson, *Circuit Judges.*

Per Curiam:*

Jagera Singh is a native and citizen of India. He seeks review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision of the Immigration Judge ("IJ") denying asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60027

withholding of removal, and protection under the Convention Against Torture ("CAT").

An applicant for asylum must show that he is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007) (internal quotation marks and citation omitted).

Prior harm does not amount to past persecution where an applicant does not present evidence that he suffered any permanent emotional or physical injury or long-term deprivation of liberty. *Majd v. Gonzales*, 446 F.3d 590, 596–97 (5th Cir. 2006) (internal quotation marks and citation omitted). Prior threats that are "non-specific" and "lacking in immediacy" also fail to rise to the level of persecution. *See Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020) (quoting *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 907 (2020)). Accordingly, substantial evidence supports the BIA's conclusion that the beatings and threats Singh experienced did not rise to the level of persecution. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

An alien does not have a well-founded fear of future persecution if he could avoid persecution by relocating to another part of his country "if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). Where an applicant for asylum "does not show past persecution" and "does not demonstrate that a national government is the persecutor, he bears the burden of showing that the persecution is not geographically limited in such a way that relocation within his country of

origin would be unreasonable." *Lopez–Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001). Singh did not meet that burden. Substantial evidence supports the BIA's conclusion that Singh's fear of future persecution is not well-founded. *See Sharma*, 729 F.3d at 411.

An applicant bears a heavier burden of proof when seeking withholding of removal than he bears when seeking asylum. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Because Singh did not satisfy his burden to establish eligibility for asylum, he is not eligible for withholding of removal. *See id.*

"To secure relief under the CAT, an alien does not need to show persecution based on one of the five protected characteristics for claims of asylum and withholding of removal." *Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006). Instead, a claim for protection under the CAT requires the alien to show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2), *see also Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).

Singh failed to establish past persecution or torture, and his claim that he will be subjected to future torture is speculative. *See Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012) (stating that "because the same lack of evidence means that Dayo cannot show he will be tortured, he is not entitled to relief under the CAT"). The record does not compel the conclusion that Singh will more likely than not be subjected to torture if removed to India. *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018).

The petition for review is DENIED.