# United States Court of Appeals for the Fifth Circuit

---

No. 22-60323
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2023

Lyle W. Cayce
Clerk

Edyn Nahun Alvarez,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 870 676

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Edyn Nahun Alvarez, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) upholding the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60323

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *See Munoz-Granados v. Barr*, 958 F.3d 402, 406 (5th Cir. 2020). Legal questions are reviewed de novo. *Id.* The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Alvarez first challenges the determination that his application for asylum was time barred. Because his argument regarding 8 U.S.C. § 1158(a)(2)(B) concerns the disputed factual question of whether he submitted an asylum application to attorneys in 2014 for filing, we lack jurisdiction to review the issue. *See* § 1158(a)(3); *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007); *Zhu v. Gonzales*, 493 F.3d 588, 594-96 (5th Cir. 2007).

Regarding withholding of removal, substantial evidence supports the BIA's determination that Alvarez's alleged harm did not rise to the level of persecution. He alleged that one threat, conveyed in a note to his uncle in Honduras, was made to his life in 2013 by the killers of his stepbrother. The note warned Alvarez, who was in the United States, not to return to Honduras. Even assuming that a threat to Alvarez's life while he was not in Honduras could constitute persecution, "threats that are exaggerated, non-specific, or lacking in immediacy should not suffice." *Munoz-Granados*, 958 F.3d at 407 (internal quotation marks and citation omitted). The alleged threat was too lacking in immediacy to constitute persecution. *See id.* Because substantial evidence supports the BIA's decision on the issue of persecution, we need not address the BIA's additional determination that Alvarez failed to demonstrate a nexus between the alleged harm and a protected ground. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

2

Case: 22-60323    Document: 00516748928    Page: 3    Date Filed: 05/12/2023

No. 22-60323

To obtain protection under the CAT, Alvarez was required to show that it is more likely than not that he would be tortured in Honduras by, or with the acquiescence of, a public official or other person acting in an official capacity. *See* 8 C.F.R. § 208.18(a)(1); *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). He argues that his documentary evidence showed that government officials in Honduras were ineffective against crime and therefore likely would be unable to protect him. The argument is unavailing, as "a government's inability to protect its citizens does not amount to acquiescence." *See Martinez Manzanares*, 925 F.3d at 229 (internal quotation marks and citation omitted). Alvarez has not shown that the evidence compels a conclusion contrary to the BIA's determination that he failed to demonstrate governmental acquiescence for purposes of CAT relief.

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in all other respects.