# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-60565
Summary Calendar

———————————

Yohan Teresa Mazariegos-Rosales,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2025

Lyle W. Cayce
Clerk

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 303 943

———————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Yohana Teresa Mazariegos-Rosales, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal and affirming an order of the immigration judge denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60565

We review factual findings for substantial evidence and uphold them "unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252 (b)(4)(B); *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006). Questions of law, including whether past harm "rises to the level of past-persecution," are reviewed de novo. *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). Review is limited to the BIA's decision, except to the extent the Board relies upon or adopts the immigration judge's analysis. *See Arulnathy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).

To be eligible for asylum, an applicant must show "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A). If an applicant has suffered past persecution, there is a rebuttable presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1); *Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019). "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Arif v. Muksaey*, 509 F.3d 677, 690 (5th Cir. 2007) (internal edits and quotation marks removed). It "generally requires more than a few isolated incidents of verbal harassment or intimidation." *Morales*, 860 F.3d at 815 (internal quotation marks and citation omitted).

For harm to qualify as persecution, "at least one central reason" for its infliction must be the individual's statutorily protected characteristic. *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). Because withholding of removal requires a greater likelihood of persecution, "one who fails to show entitlement to asylum fails to show entitlement to withholding of removal." *Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020).

Mazariegos-Rosales claims to have experienced past persecution and have a well-founded fear of future persecution because she received a single

2

No. 24-60565

extortionist phone call in which the unidentified caller demanded money and made no reference to any statutorily protected trait. "This court does not recognize economic extortion as a form of persecution under immigration law[.]" *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014). We therefore find no error in the BIA's affirmance of the immigration judge.

The BIA deemed Mazariegos-Rosales to have waived her claim for protection under the Convention Against Torture. She does not contest this determination, and we need not address unexhausted arguments. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023).

The petition is DENIED.